Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHARMING BEATS LLC,                     Case No.: 22-cv-1386

                     Plaintiff,     **ECF CASE**

          v.                               **COMPLAINT AND JURY DEMAND**
                                                **FOR DAMAGES FOR COPYRIGHT**
FOREVERGREE INTERNATIONAL, LLC,         **INFRINGEMENT**

                     Defendant.
-----------------------------------------------------------------x

      Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant FOREVERGREEN INTERNATIONAL, LLC for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.     This Court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## DIVERSITY JURISDICTION

2. This Court has jurisdiction over both defendants pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000.

3. The members of plaintiff reside in Queens and Florida.

4. Defendant is Nevada corporation domiciled in Utah.

5. There is complete diversity of citizenship.

6. There damages at issue exceed $75,000.

## SPECIFIC JURISDICTION

7. Plaintiff is the exclusive owner of all rights to the copyrighted recording and composition *Anything You Synthesize* (the "Copyrighted Track").

8. Defendant is nondomiciliary headquartered in Utah.

9. Defendant, without a license or authority, publicly performed the Copyrighted Track from Utah.

10. Defendant created a video and without a license or authority reproduced the Copyrighted Track and synchronized the Copyrighted Track to the video (the "Infringing Video").

11. Defendant, without a license or authority, then distributed the Infringing Video to YouTube where it was publicly displayed on defendant's YouTube page.

12. These are torts committed outside the state.

13. Defendant was put on notice of its infringing activity multiple times, but elected to continue to infringe after each notice.

14. In fact, as of the date of this Complaint, the Infringing Video is still on defendant's YouTube page.

15. Plaintiff was injured in New York State in multiple way. Plaintiff lost the licensing revenue, owed to plaintiff in this State. As set forth in detail below, the association of the Copyrighted Track with defendant substantially impairs plaintiff's ability to license the Copyrighted Track to its New York based clientele.

16. Defendant was put on notice multiple times that his infringing activity was having consequences in this state.

17. Defendant elected to continue to infringe, knowing its actions would have consequences in this state.

18. The entire Copyrighted Track was used by defendant to promote its services and overall institution.

19. Jurisdiction is conferred to this Court over defendant pursuant to CPLR §§ 301 and 302(a)(3)(ii).

## VENUE

20. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

21. There are no due process concerns in light of the fact that defendants committed an intentional tort that it knew had an effect in this Judicial District.

## PARTIES

22. Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

23. Upon information and belief, defendant FOREVERGREEN INTERNATIONAL, LLC ("FVGR") is a corporation formed under the laws of Nevada with a headquarters locate at 632 N 2000 W Ste 101, Lindon, UT 84042.

## FACTS

24. Plaintiff is the sole owner by assignment of an original musical composition and recording titled "*Anything You Synthesize*" - U.S. Copyright Registration No. SR 713-287. See **Exhibit 1.**

25. The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

26. Defendant is a health and wellness multi-level marketing company.

27. Defendant was started by Ron Williams who served as its CEO until in or about April 2017.

28. On June 14, 2016, while Mr. Williams was CEO of defendant, he did a public webinar titled "North American Progress Report" (the "Infringing Video").

29. "ForeverGreen International" appears below Mr. Williams during the entire 52:42 of the Infringing Video.

30. During the Infringing Video, defendant's CEO discusses the various products sold by defendant, the IT advancements defendant has made, future enhancements, and improvements to defendant's website.

31. At 45:55 of the Infringing Video, defendant's CEO publicly performed the video for plaintiff's Copyrighted Track, without a license or authority.

32. Defendant's CEO makes an incoherent speech over plaintiff's Copyrighted Track meant to encourage the participants in defendant's multi-level marketing scheme to get new recruits.

33. Defendant, without license or authority, reproduced, publicly performed, publicly displayed, and synchronized the Copyrighted Track to the Infringing Video.

34. Defendant distributed the Infringing Video to YouTube, and publicly displayed the Infringing Video on its YouTube page located at <www.youtube.com/watch?v=RbbGEVRfbhk>.

35. At no time did the defendant have the right to exploit the Copyrighted Track in any manner.

36. Defendant infringed plaintiff's rights to the Copyright Track as set forth in 17 U.S.C. 106(1)(3)(6).

37. Defendant had no good-faith basis to exploit the Copyrighted Track at any time.

38. Plaintiff notified defendant on September 4, 2021 that there was no license for the Infringing Video. See **Exhibit 2**.

39. Defendant ignored the notice, and continued to infringe.

40. On January 2, 2022, plaintiff, through counsel, sent a demand to cease-and-desist to defendant. **Exhibit 3**.

41. Defendant responded by falsely claiming the Copyrighted Track was licensed through YouTube, and denying that defendant controlled the YouTube channel. **Exhibit 4**.

42. Defendant refused to stop infringing, and took no action to down the Infringing Video.

43. Defendant overlooked the twelve separate places in the YouTube Terms and Conditions, and the FAQs, Copyright Policy, and videos incorporated into the YouTube Terms and Conditions that expressly state that YouTube cannot license third-party content, and the uploader is solely responsible for obtaining licenses for all content used.

44. In fact, the YouTube "Music Licensing" video, which is incorporated into the YouTube Terms and Conditions, discusses this very issue, explaining that content creators can only use music in the YouTube royalty free music library without a license.

45. The Copyrighted Track was never in the YouTube royalty free library, or any royalty free library.

46. Defendant clearly created the Infringing Video, and could have taken the Infringing Video down in hours.  Defendant elected to take no action.

47. On February 22, 2022, plaintiff, through counsel, sent a final cease-and-desist. See **Exhibit 5**.

48. Defendant elected to continue to infringe.

49. On the date of this Complaint, the Infringing Video is still active on defendant's YouTube page.

50. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and the lack of any good-faith basis to exploit the Copyrighted Track, the knowledge of the infringement, and/or its failure to comply with multiple notices, entitles plaintiff to an enhanced statutory damage award set forth in Section 504(c)(3) of the Act.

51. Defendant's acts of infringement demonstrate the callous disregard defendant has for its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

**ADDITIONAL DAMAGE TO PLAINTIFF**

52. Defendant is a multi-level marketing company, that has been fraught with scandal. The SEC revoked the registration for defendant's holding company on July 29, 2021. See **Exhibit 6**.

53. Plaintiff has licensed the Copyrighted Track, and similar tracks, to companies like Dive Soap, DC Shoes, Major League Baseball, National Basketball Association, the Columbia Broadcasting System, and SONY Entertainment. The Copyrighted Track, and similar tracks, has appeared in videogames like Spiderman for the PS4, and movies like Extremely Loud & Incredibly Close.

54. Plaintiff also partners with non-faith based not-for-profit institutions like the American Cancer Society, the World Wildlife Foundation, and PBS.

55. The Copyrighted Track generates approximately 23% of plaintiff's licensing revenue. Licensing makes up approximately 55% of plaintiff's total revenue.

56. Many of the corporate entities which plaintiff has licensed the Copyrighted Track to, and expects to license in the future, are in New York.

57. The licensing success of the Copyrighted Track is directly attributed to its broad-based appeal and non-controversial placements.

58. Every perspective licensee does a search to identify where the track they may license has been used previously

59. Plaintiff does not, under any circumstances, license its tracks to any entity in the multi-level marketing field due to the fact that the industry is permeated by scandal and corruption.

60. Any affiliation with defendant would substantially devalue the broad-based appeal of the Copyrighted Track.

61. Had the defendant sought a license, it would have been rejected.

62. The forced association of the Copyrighted Track with defendant has damaged plaintiff's ability to license the Copyrighted Track in an amount to be determined at trial.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

63. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

64. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

65. Defendant without authority from plaintiff, reproduced, distributed, publicly performed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track in its entirety to the Infringing Video.

66. Defendant created and displayed the Infringing Video for the sole purpose of commercial gain.

67. Defendant refused to cease-and-desist after multiple demands from plaintiff directly, and through plaintiff's counsel.

68. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

69. Defendant's use was not transformative.

70. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's

compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover a statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable; and,

6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 14, 2022  **GARBARINI FITZGERALD P.C.**
New York, New York

By: /s/ Richard M. Garbarini
Richard M. Garbarini (RG 5496)

9